## Richmond

BARNES TRANSFER & STORAGE, INC., ET AL. V. LEE MOVING, INC. OF HOPEWELL.

October 10, 1975.

Record No. 750398.

Present, All the Justices.

*Paul M. Shuford* (*Marvin F. Cole*, on brief), for appellants.

*David Meade White* (*Plato G. Eliades; Wicker & White*, on brief), for appellee.

Per Curiam.

This appeal of right is from a final order of the State Corporation Commission awarding Lee Moving, Inc. of Hopewell a certificate of public convenience and necessity to transport household goods by motor vehicle intrastate in Virginia. Code § 56-338.11. Appellants, Barnes Transfer & Storage, Inc., and nine other certificated household goods carriers in the Richmond-Petersburg area, intervened below in opposition to award of the certificate to Lee. Contending that the evidence is insufficient to support the Commission's finding of public convenience and necessity, appellants here seek reversal of the award.

The evidence shows that the principal officer of Lee has had ten years' experience in the moving business. At the time of the hearing below, Lee operated as a local contract carrier under an exemption contained in Code § 56-338.2(c)[1] and as agent for an interstate car-

---

[1]Code § 56-338.2(c) permits the transportation of household goods without a certificate of convenience and necessity "between any points wholly within the limits of any city or town in this State, or for any lesser distance than 30 road miles."

rier. The evidence further shows, and the Commission found, that Lee is "a fiscally sound company that would be financially able to transact business as a certificated household goods carrier."

Lee's moving business is based in the City of Hopewell. If granted the certificate of convenience and necessity it now seeks, Lee would be the only intrastate mover based in Hopewell or the surrounding area.

Hopewell, an industrial city whose 1970 population was 23,471 and which is experiencing rapid growth and an increasing population, serves a wide "employment market." The industries located in or near the city employ 6,831 persons and expend an annual payroll of $67,000,000. Both the local chamber of commerce and the manufacturers association endorsed Lee's application for a certificate as an intrastate mover.

Nearby Fort Lee, with both a military complement and a civilian staff, has an annual payroll in excess of $80,000,000. Because of Fort Lee, Hopewell "is really pretty much of a transit town."

Lee's representative stated at the hearing below that his company each month receives "quite a few" calls, including two or three from local industries, for intrastate shipments which it must decline because of its presently limited authority. The representative further stated that local industries had "counted on" Lee to move their personnel and were put to "quite an inconvenience" because of its inability to render intrastate service.

Stressing the "growth posture" of Hopewell, the Commission noted in its written opinion the relevancy of the fact that, at the time of the hearing below, there were "two less certificated carriers in the Richmond-Petersburg area" than had previously existed. The Commission also found it "significant" that appellants, while opposing Lee's application, had offered no evidence that the granting of the application would detrimentally affect existing carriers.

Acknowledging that findings of the Commission are presumed to be *prima facie* just, reasonable, and correct, appellants concede that they "have a substantial burden to carry" in seeking to overturn the Commission's award. We are of opinion that appellants have failed to carry their burden, and, because the evidence supports the award, we affirm.

*Affirmed.*